IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARK DANIEL CROWLEY**  **PLAINTIFF**
**#798768**

V.  NO. 4:22-cv-00069-ERE

**JORDAN,** *et al*.  **DEFENDANTS**

## ORDER

Pending before the Court is Plaintiff Mark Daniel Crowley's "notice of lack of reception and motion to compel." *Doc. 26*. ln his motion, Mr. Crowley requests that the Court: (1) provide him copies of all docket entries from docket entry #21 to present; (2) order Pulaski County Regional Detention Facility ("PCRDF") staff to provide him writing supplies; and (3) prohibit PCRDF staff from interfering with his mail. Although the Court grants Mr. Crowley's request for copies, his remaining requests are denied.

Mr. Crowley's requests for court intervention regarding PCRDF operations are essentially requests for preliminary injunctive relief. A preliminary injunction "is an extraordinary remedy," and the movant bears the burden of showing that such relief should be granted. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citations omitted). "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially

called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Absent a showing that, without court intervention, Mr. Crowley will face irreparable harm, the Court must decline to interfere with the daily operations of the prison. *MidBAm. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 977 (8th Cir. 2005); *Rogers*, 676 F.2d at 1214 ("courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate"). "Possible harm" is not enough; rather, there must be an actual threat of immediate harm. *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999) (citing *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 113 (8th Cir. 1981)).[1] Mr. Crowley fails to allege any facts to suggest that he is facing the threat of irreparable harm. Accordingly, his requests for preliminary injunctive relief are denied.

IT IS THEREFORE ORDERED THAT:

1. Mr. Crowley's motion (*Doc. 26*) is GRANTED solely with respect to his request for copies, and otherwise, DENIED.

---

[1] When deciding whether to grant a preliminary injunction, a court must consider the following *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, *supra*). Because Mr. Crowley alleges no facts to suggest that he will suffer irreparable harm absent court intervention, it is unnecessary to address the remaining *Dataphase* factors.

2.      The Clerk is directed to send Mr. Crowley copies of docket entry #21 through #26, as well as a copy of the docket sheet for this lawsuit.

Dated this 10th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE